# EXHIBIT A

**STATE OF MICHIGAN**

**IN THE WAYNE COUNTY CIRCUIT COURT**

Nathaniel Hall,

Plaintiff,

Case No. CH
Honorable

-vs-

U.S. Bank, National Association, as successor trustee to Bank of America, N.A. as successor by merger to LaSalle Bank N.A., as trustee for Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-3,

Defendant.

13-015477-CH
FILED IN MY OFFICE
WAYNE COUNTY CLERK
12/2/2013 11:08:07 AM
CATHY M. GARRETT

---

Darwyn P. Fair (P31266)
Darwyn P. Fair & Associates, P.C.
Attorneys for Plaintiff
535 Griswold, Ste. 111-554
Detroit, Michigan 48226
(313) 967-0595

---

There is a pending civil action arising out of a similar transaction or occurrence alleged in the complaint in case No13323657, 36th District Court. Moreover, there was a pending civil action arising out of a similar transaction or occurrence alleged in the complaint in Case No. 12-004114-CH before the Honorable John A. Murphy Wayne County Circuit Court

**COMPLAINT FOR QUIET TITLE**

**NOW COMES** the Plaintiff, Nathaniel Hall, by his attorney, Darwyn P. Fair and states his Complaint against the Defendant, U.S. Bank, National Association, as successor trustee to Bank of America, N.A. as successor by merger to LaSalle Bank N.A., as trustee for Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-3, as follows:

1. This Court has jurisdiction of this case, which seeks equitable relief.

2. The Plaintiff, Nathaniel Hall resides in the City of Detroit, Wayne County, State of Michigan.

3. The Defendant, U.S. Bank, National Association, as successor trustee to Bank of America, N.A. as successor by merger to LaSalle Bank N.A., as trustee for Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-3, upon information and belief is located in Minneapolis, Minnesota and upon information and belief are purportedly doing business in Oakland County, State of Michigan.

4. The subject matter of this action is situated in Wayne County, State of Michigan more fully described as follows:

**UNIT 11, MORGAN WATERFRONT HOMES, A CONDOMINIUM ACCORDING TO THE MASTER DEED RECORDEDIN LIBER 44997, PAGES 88 THROUGH 149 BOTH INCLUSIVE, WAYNE COUNTY RECORDS, BEING WAYNE COUNTY SUBDIVISION PLAN NO. 920 TOGETHER WITH RIGHTS IN THE GENERAL COMMON ELEMENTS AND LIMITED COMMON ELEMENTS, AS SET FORTH IN SAID MASTER DEED, AND SUBSEQUENT AMENDMENTS, AND AS DESCRIBED IN ACT 59 OF THE PUBLIC ACTS OF 1978, AS AMENDED.**

**More commonly known as 147 Sand Bar LN, Detroit, MI**

5. Plaintiff claims as interest in the above-described property as follows: Fee Simple Absolute by way of an executed Warranty Deed.

6. Defendant, U.S. Bank, National Association claims an interest in the same property as follows: Fee Simple by way of a Sheriff's Sale and Sheriff's Deed.

7. That the Plaintiff purchased the subject property in 2007. (Exhibit 1)

8. That MCLA 600.3205c, in affect requires the Defendant to attempt in good faith to reach a Loan Modification agreement with the Plaintiff, after Plaintiff has requested a meeting with the Defendant's attorney, by determining whether Plaintiff is eligible for a Loan Modification.

9. That Defendant has failed to comply with MCLA 600.3205c in that Defendant:

a. failed to send or the Plaintiff never received the 14 day letter with a copy of the program.

b. failed to complete the Loan Modification process and subsequently and apparently denied Plaintiff a Loan Modification.

c. failed to send Plaintiff a denial letter with the calculations.

10. That the parties agreed to dismiss the prior litigation and enter into a new loan modification process.

11. That Defendant has failed to comply with the new loan modification process in that Defendant:

a. failed to complete the Loan Modification process and subsequently and apparently denied Plaintiff a Loan Modification.

b. failed to send Plaintiff or his attorney a denial letter with the calculations.

12. That since the Sheriff's Sale the Plaintiff has attempted in good faith to continue with the Loan Modification to no avail.

13. That MCL 600.3204 provides that the party foreclosing the mortgage is either the owner of the indebtedness secured by the mortgage or the servicing agent of the mortgage.

14. In the case at bar, First Franklin Financial Corp was the original mortgagee and the note holder. (Exhibit 2)

15. On or about January 11, 2010, MERS assigned its interest to the Defendant, US Bank National Association. (Exhibit 3)

16. That Defendant, US Bank National Association's capacity in this case is that of a Trustee of a Trust that may or may not have been registered with and securitized by the Security Exchange Commission or registered with the State of Michigan.

17. That Defendant, US Bank National Association has failed to establish that it has followed the terms of the PSA in that the closing date of the Trust was in 2007. (Exhibit 4)

18. That the mortgage for the subject property transferred into the Trust on or about January 11, 2010, three years after the closing date which is a prerequisite to capacity.

19. That Defendant, US Bank National Association does not have the legal authority, ownership, capacity or privity to maintain the subject property.

20. That Defendant, US Bank National Association must be ordered to rescind the Sheriff's Sale for the subject property.

21. That as a result of the above Defendant has submitted affidavit(s) or signed other documents in support of the Sheriff's Sale that appear to have procedural defects.

22. That in particular, affidavit(s) and other document(s) were signed by person(s) who did not have personal knowledge of the facts asserted in the documents or may have been forged or signed by individuals other than as designated in that:

a. The purported owner of the subject property by way of a Sheriff's Deed is US Bank National Association. ("Trust"). (See Exhibit 4)

b. That the Trust has a specific closing date in 2007.

c. That in order for the subject property to be included in the Trust, it had to be included in the Trust in 2007.

d. That the subject property was illegally purchased by the Trust on January 11, 2010, three years after the closing of the Trust. (See Exhibit 4)

e. That the affiant Heide M. Myszak was/is the attorney for the Trust clearly did not have personal knowledge of the facts asserted in the documents because if she did have personal knowledge she would have read and known that U.S. Bank, National Association, purchased the subject property by way of the Sheriff's Deed after the Closing date of the Trust. (See Exhibit 4).

23. That in addition, affiant, may have signed the affidavit outside of the presence of a notary public, contrary to state law. This process of signing documents without confirming their accuracy has come to be known as “robo-signing.”

24. That such a process constitutes a deceptive act and/or an unfair practice or otherwise violate state laws.

25. That the Defendant will most probably file a Complaint to evict the Plaintiff in the local District Court.

26. That if Defendant is allowed to proceed with the eviction Plaintiff will suffer irreparable harm in that he will be evicted from his home and since this is real estate there is no adequate remedy at law.

27. That Defendant must be ordered to rescind the Sheriff's Sale and purchase of the subject property.

**COUNT I**
**QUIET TITLE**

28. That Plaintiff incorporates by reference paragraphs 1 through 27 as though fully set out herein.

29. That the actions of the Defendant was intentionally designed to preclude the Plaintiffs from keeping possession of his home.

30. That the Defendant knew or should have known that Plaintiff wanted to keep possession of his home.

31. That the Defendant had actual or imputed knowledge that Plaintiff wanted to keep possession of his home.

32. That Defendant, did not have the legal authority, ownership, capacity or privity to maintain the subject property.

33. That notwithstanding that knowledge the Defendant did undertake to foreclose on the subject property in violation of MCL 600.3204(3) and without allowing Plaintiff to enter into a Loan Modification for the subject property in violation of MCLA 600.3205c.

34. That MCL 600.3204 provides that the party foreclosing the mortgage is either the owner of the indebtedness secured by the mortgage or the servicing agent of the mortgage.

35. Defendant, U.S. Bank, National Association claims an interest in the same property as follows: Fee Simple by way of a Sheriff's Sale and Sheriff's Deed.

36. That the Plaintiff purchased the subject property in 2007. (Exhibit 1)

37. That MCLA 600.3205c, in affect requires the Defendant to attempt in good faith to reach a Loan Modification agreement with the Plaintiff, after Plaintiff has requested a meeting with the Defendant's attorney, by determining whether Plaintiff is eligible for a Loan Modification.

38. That Defendant has failed to comply with MCLA 600.3205c in that Defendant:

a. failed to send or the Plaintiff never received the 14 day letter with a copy of the program.

b. failed to complete the Loan Modification process and subsequently and apparently denied Plaintiff a Loan Modification.

c. failed to send Plaintiff a denial letter with the calculations.

39. That the parties agreed to dismiss the prior litigation and enter into a new loan modification process.

40. That Defendant has failed to comply with the new loan modification process in that Defendant:

a. failed to complete the Loan Modification process and subsequently and apparently denied Plaintiff a Loan Modification.

b. failed to send Plaintiff or his attorney a denial letter with the calculations.

41. That since the Sheriff's Sale the Plaintiff has attempted in good faith to continue with the Loan Modification to no avail.

42. That MCL 600.3204 provides that the party foreclosing the mortgage is either the owner of the indebtedness secured by the mortgage or the servicing agent of the mortgage.

43. That Defendant, US Bank National Association has failed to establish that they have followed the terms of the PSA in that the closing date of the Trust was in 2007. (Exhibit 4)

44. That as a result of the conduct of Defendant, US Bank National Association the subject property is currently in the name of US Bank National Association. (See Exhibit 4)

WHEREFORE Plaintiff prays for the entry of judgment:

A. Granting Plaintiff all legal title to the subject property described above,

B. Awarding Plaintiff all damages incurred by Plaintiff as a result of Defendant's actions herein,

C. Awarding Plaintiff costs and attorney's fees; and

D. Awarding any other relief that this Court deems just and equitable, with cost and fees awarded to Plaintiff so wrongfully incurred.

**COUNT II**
**ILLEGAL FORECLOSURE BY ADVERTISEMENT**

45. That Plaintiff incorporates by reference paragraphs 1 through 44 as though fully set out herein.

46. In the case at bar, First Franklin Financial Corp was the original mortgagee and the note holder. (Exhibit 2)

47. On or about January 11, 2010, MERS assigned its interest to the Defendant, US Bank National Association. (Exhibit 3)

48. That Defendant, US Bank National Association's capacity in this case is that of a Trustee of a Trust that may or may not have been registered with and securitized by the Security Exchange Commission or registered with the State of Michigan.

49. That Defendant, US Bank National Association has failed to establish that it has followed the terms of the PSA in that the closing date of the Trust was in 2007. (Exhibit 4)

50. That the mortgage for the subject property transferred into the Trust on or about January 11, 2010, three years after the closing date which is a prerequisite to capacity.

51. That Defendant, US Bank National Association does not have the legal authority, ownership, capacity or privity to maintain the subject property.

52. Notwithstanding the above Defendant, US Bank National Association illegally foreclosed by advertisement on the subject property.

53. That Defendant, US Bank National Association must be ordered to rescind the Sheriff's Sale for the subject property.

WHEREFORE Plaintiff prays for the entry of judgment:

A. Granting Plaintiff all legal title to the subject property described above,

B. Awarding Plaintiff all damages incurred by Plaintiff as a result of Defendant's actions herein,

C. Awarding Plaintiff costs and attorney's fees; and

D. Awarding any other relief that this Court deems just and equitable, with cost and fees awarded to Plaintiff so wrongfully incurred.

**COUNT III**
**LACK OF CAPACITY/OWNERSHIP/PRIVITY**

54. That Plaintiff incorporates by reference paragraphs 1 through 53 as though fully set out herein.

55. That Defendant, US Bank National Association's capacity in this case is that of a Trustee of a Trust that may or may not have been registered with and securitized by the Security Exchange Commission or registered with the State of Michigan.

56. That Defendant, US Bank National Association has failed to establish that it has followed the terms of the Securitized Trust in that the closing date of the Trust was in 2007. (Exhibit 4)

57. That the mortgage for the subject property transferred into the Trust on or about January 13, 2010, four years after the closing date which is a prerequisite to capacity.

58. That Defendant, US Bank National Association does not have the legal authority, capacity or privity to maintain the subject property.

WHEREFORE Plaintiff prays for the entry of judgment:

A. Granting Plaintiff all legal title to the subject property described above,

B. Awarding Plaintiff all damages incurred by Plaintiff as a result of Defendant's actions herein,

C. Awarding Plaintiff costs and attorney's fees; and

D. Awarding any other relief that this Court deems just and equitable, with cost and fees awarded to Plaintiff so wrongfully incurred.

**COUNT IV**
**BREACH OF MCL 600.3205**

59. That Plaintiff incorporates by reference paragraphs 1 through 58 as though fully set out herein.

60. The Defendant is required to follow the MCL 600.3205 (c) which states as follows:

> (1) If a borrower has contacted a housing counselor under section 3205b but the process has not resulted in an agreement to modify the mortgage loan, the borrower, housing counselor, mortgage holder, or mortgage servicer shall calculate a modified payment amount under the FDIC workout program. The mortgage holder or mortgage servicer shall provide the borrower with a copy of any calculation made by the mortgage holder or mortgage servicer under this subsection.
>
> (2) If the results of the calculation under subsection (1) are that the borrower is eligible for a modification, the mortgage holder or mortgage servicer shall not foreclose the mortgage under this chapter but may proceed under chapter 31. If the results of the calculation under subsection (1) are that the borrower is not eligible for a modification without an exception, the mortgage holder or mortgage lender shall foreclose the mortgage under this chapter.
>
> (3) If a mortgage holder or mortgage servicer begins foreclosure proceedings under this chapter in violation of this section, the borrower may file an action in the circuit court for the county where the mortgaged property is situated to convert the foreclosure proceeding to a judicial foreclosure. If a borrower files an action under

this section and the court determines that the borrower participated in the process under section 3205b, a modification agreement was not reached, and the borrower is eligible for modification under the FDIC workout program, the court shall enjoin foreclosure of the mortgage by advertisement and order that the foreclosure proceed under chapter 31.

61. That MCL 600.3205 (c) helps protect homeowners from foreclosure by providing an extra 90 days for them to work with their lender on modifying their mortgage loan.

62. The Defendant is required to follow the MCL 600.3205c which:

a. freezes foreclosure proceedings for 90 days for homeowners who commit to work with their lender on modifying their mortgage loan;

b. requires a lender to notify the homeowner in writing that the mortgage is in default and who to contact;

c. stipulates that for help in modifying the mortgage loan, the homeowner must contact a housing counselor, available through the Michigan State Housing Development Authority.

d. Lenders must then attempt to work out a modification of the mortgage loan. This could be achieved through various means, such as lowering the interest rate or lengthening the life of the loan. If a homeowner and lender agree on the loan modification, foreclosure is avoided if the homeowner abides by the new agreement.

e. Lenders shall provide the borrower with both of the following:

(a) A copy of any calculations made by the person under this section.

(b) If requested by the borrower, a copy of the program, process, or guidelines under which the determination under subsection (1) was made.

63. That Defendant has failed to comply with MCLA 600.3205c in that Defendant:

a.) failed to complete the Loan Modification process.

b.) failed to send the Plaintiff a denial letter with the required calculations before the Sheriff's Sale.

WHEREFORE Plaintiff prays for the entry of judgment:

A. Granting Plaintiff all legal title to the subject property described above,

B. Awarding Plaintiff all damages incurred by Plaintiff as a result of Defendant's actions herein,

C. Awarding Plaintiff costs and attorney's fees; and

D. Awarding any other relief that this Court deems just and equitable, with cost and fees awarded to Plaintiff so wrongfully incurred.

**COUNT V**
**BREACH OF IMPLIED AGREEMENT/SPECIFIC PERFORMANCE**

64. That Plaintiff incorporates by reference paragraphs 1 through 63 as though fully set out herein.

65. That the Defendant assured the Plaintiff that Defendant would consider Plaintiff for a Loan Modification.

66. That without the knowledge of the Plaintiff and his Attorney the Defendant apparently denied Plaintiff for a Loan Modification.

67. That the Plaintiff and his Attorney have attempted in good faith to continue with the Loan Modification process to no avail.

68. Plaintiff has a superior claim to the interest in the subject property because of the Fee Simple Absolute.

69. That Defendant must be ordered to continue the Loan Modification process so that the Plaintiff can keep possession of his home.

WHEREFORE Plaintiff prays for the entry of judgment:

A. Granting Plaintiff all legal title to the subject property described above,

B. Awarding Plaintiff all damages incurred by Plaintiff as a result of Defendant's actions herein,

C. Awarding Plaintiff costs and attorney's fees; and

D. Awarding any other relief that this Court deems just and equitable, with cost and fees awarded to Plaintiff so wrongfully incurred.

**COUNT VI**
**INNOCENT/NEGLIGENT MISREPRESENTATION**

70. That Plaintiff incorporates by reference paragraphs 1 through 69 as though fully set out herein.

71. Defendant made innocent and/or negligent representations of material facts by promising or representing that Defendant would consider the Plaintiff for a Loan Modification.

72. The representations made by the Defendant were directed to Plaintiff and his Attorney and were made in connection with modifying the Loan so that the Plaintiff could remain in his home.

73. That the representations were false when they were made, as Defendant has failed to consider the Plaintiff for a Loan Modification.

74. Plaintiff would not have entered into the Loan Modification process if he would have known that the Defendant would not have consider the Plaintiff for a Loan Modification. As a result, Plaintiff has suffered significant financial losses as a direct and proximate result of Defendant's representations.

WHEREFORE Plaintiff prays for the entry of judgment:

A. Granting Plaintiff all legal title to the subject property described above,

B. Awarding Plaintiff all damages incurred by Plaintiff as a result of Defendant's actions herein,

C. Awarding Plaintiff costs and attorney’s fees; and

D. Awarding any other relief that this Court deems just and equitable, with cost and fees awarded to Plaintiff so wrongfully incurred.

**COUNT VII**
**PROMISSORY ESTOPPEL**

75. That Plaintiff incorporates by reference paragraphs 1 through 74 as though fully set out herein.

76. That Defendant made innocent and/or negligent and/or intentional representations of material facts by promising or representing that Plaintiff would be considered for a Loan Modification.

77. The representations made by Defendant were directed to Plaintiff and were made in connection with the Loan Modification so that Plaintiff could remain in his home.

78. That the representations were innocent and/or negligent and/or intentional when they were made, as Defendant has failed to consider Plaintiff for a Loan Modification.

79. That Plaintiff would not have entered into the Loan Modification process if he would have known that Defendant would not consider Plaintiff for a Loam Modification.

80. That at the time of making the innocent and/or negligent and/or intentional representations of material facts and inducing the action on Plaintiff, Defendant could reasonably foresee that their failure to perform pursuant to the Loan Modification process would cause the damages Plaintiff has suffered.

81. That as a direct and proximate result of Defendant's failure to consider Plaintiff for a Loan Modification Plaintiff has suffered damages.

WHEREFORE Plaintiff prays for the entry of judgment:

A. Granting Plaintiff all legal title to the subject property described above,

B. Awarding Plaintiff all damages incurred by Plaintiff as a result of Defendant's actions herein,

C. Awarding Plaintiff costs and attorney's fees; and

D. Awarding any other relief that this Court deems just and equitable, with cost and fees awarded to Plaintiff so wrongfully incurred.

**COUNT VIII**
**CONVERSION OF FORECLOSURE BY ADVERTISEMENT TO A JUDICIAL FORECLOSURE PURSUANT TO MCLA 600.3205C(8)**

82. That Plaintiff incorporates by reference paragraphs 1 through 81 as though fully set out herein.

83. The Defendant is required to follow MCL 600.3205 which states in pertinent part as follows:

> (1) Subject to subsection (6), before commencing a proceeding under this chapter to which section 3204(4) applies, the foreclosing party shall serve a written notice on the borrower that contains all of the following information:

84. That MCL 600.3205 helps protect homeowners from foreclosure by providing an extra 90 days for them to work with their lender on modifying their mortgage loan.

85. The legislation:

a. freezes foreclosure proceedings for 90 days for homeowners who commit to work with their lender on modifying their mortgage loan;
b. requires a lender to notify the homeowner in writing that the mortgage is in default and who to contact;
c. stipulates that for help in modifying the mortgage loan, the homeowner must contact a housing counselor, available through the Michigan State Housing Development Authority.
d. Lenders must then attempt to work out a modification of the mortgage loan. This could be achieved through various means, such as lowering the interest rate or lengthening the life of the loan. If a homeowner and lender agree on the loan modification, foreclosure is avoided if the homeowner abides by the new agreement.

86. That Defendant has failed to comply with MCLA 600.3205 in that they:

a. Defendant failed to send and the Plaintiff never received the 30 day letter.

b. Defendant failed to determine whether Plaintiff was eligible for a Loan Modification under MCLA 600.3205c (1) (a) or MCLA 600.3205c (2) through (4).

c. Defendant failed to send or the Plaintiff never received a denial letter with the required calculations before the scheduled Sheriff's Sale.

87. That Defendant went forward with the Sheriff's Sale on August 31. 2011.

88. That under MCLA 600.3205a(8) a Loan Modification was not reached by the parties in violation of MCLA 600,3205 c (1) through (3).

89. That as a result of the above Plaintiff is entitled to have the Foreclosure by Advertisement converted to a Judicial Foreclosure.

WHEREFORE Plaintiff prays for the entry of judgment:

A. Granting Plaintiff all legal title to the subject property described above,

B. Awarding Plaintiff all damages incurred by Plaintiff as a result of Defendant's actions herein,

C. Awarding Plaintiff costs and attorney's fees; and

D. Awarding any other relief that this Court deems just and equitable, with cost and fees awarded to Plaintiff so wrongfully incurred.

Respectfully Submitted,

DARWYN P. FAIR & ASSOCIATES, PC

/s/Darwyn P. Fair
DARWYN P. FAIR (P31266)
Attorney for Plaintiff
535 Griswold, Suite 111-554
Detroit, Michigan 48226
(313) 967-0595

Dated: December 2, 2013

13-015477-CH
FILED IN MY OFFICE
WAYNE COUNTY CLERK
1[illegible]/2/2013 11:08:07 AM
CATHY M. GARRETT

# EXHIBIT 1






REAL ESTATE TRANSFER TAX
$935.00 - CO
$6,375.00 - ST
Stamp # 14036

Bernard J. Youngblood
Wayne County Register of Deeds
April 23, 2007 09:27 AM
Liber 46223 Page 900-900
#207184988 WD FEE: $15.00



**WARRANTY DEED**

0612539-11

*KNOW ALL MEN BY THESE PRESENTS:* That Morgan Waterfront Homes, L.L.C., a Michigan Limited Liability Company, whose address is 36150 Dequindre, Suite 600, Sterling Heights, MI 48310 Convey(s) and Warrant(s) to Nathaniel T. Hall, A Married Man, whose address is 147 Sandbar Lane, Detroit, MI 48214 the following described premises situated in the City of Detroit, County of Wayne and State of Michigan:

Unit 11, MORGAN WATERFRONT HOMES, a condominium according to the Master Deed recorded in Liber 44997, Pages 88 through 149, both inclusive, Wayne County Records, being Wayne County Subdivision Plan No. 920, together with rights in the general common elements and limited common elements, as set forth in said Master Deed, and subsequent amendments, and as described in Act 59 of the Public Acts of 1978, as amended.

Commonly known as: 147 Sandbar Lane

Tax Parcel ID: Part of Ward 21, Item Numbers 000060; 04524, 6; 045240 and 045459

2007 Tax Parcel ID: Ward 21 Item 000060.011 PER ASSESSORS 4/12/2007

For the sum of Eight Hundred Fifty Thousand Dollars and 00/100 ($850,000.00), subject to the existing building and use restrictions, easements of record, and if applicable zoning ordinances of record, if any,

The grantor grants to the grantee the right to make no division(s) under section 108 of the Land Division Act, Act. No. 288 of the Public Acts of 1967. This property may be located within the vicinity of farmland or a farm operation. Generally accepted agricultural and management practices which may generate noise, dust, odors, and other associated conditions may be used and are protected by the Michigan Right to Farm Act.

LAMONT TITLE CORPORATION

Dated: March 30, 2007

**Signed in the presence of**

**Signed**

Morgan Waterfront Homes, L.L.C. a Michigan limited liability company

Jerome Morgan, Sole Member, By: Donald Mahofer his Attorney in Fact

**State of Michigan** )
) SS
**County of Wayne** )

The foregoing was acknowledged before me this 30th day of March, 2007, by of Jerome Morgan, Sole Member of Morgan Waterfront Homes, LLC, a Michigan limited liability company, By: Donald Mahofer his Attorney in Fact, to me known to be the person described in and who executed the foregoing instrument and acknowledged that he/she executed the same as his/her free act and deed.

Emma Elder
Notary Public - Oakland County, MI
My Commission Expires: March 29, 2008
Acting in Wayne

Notary Public
County
My Commission Expires:

Drafted by: Emma Elder @ LaMont Title Company, 500 Griswold Street, Suite 2100, Detroit, MI 48226. @ sellers direction

When recorded return to LaMont Title Company, 500 Griswold Street, Suite 2100, Detroit, MI 48226

Recording Fee ______ State Transfer Tax ______ County Transfer Tax ______

*County Treasure's Certificate* *City Treasurer's Certificateo*

This is to certify that there are not tax liens or titles on this property and that taxes are paid for FIVE YEARS previous to date of this instrument EXCEPT Do Not Examine
No. 8642 WAYNE COUNTY TREASURER Date 4-20-07 Clerk

20-

No. 5443

13-015477-CH
FILED IN MY OFFICE
WA[illegible]NE COUNTY CLERK
1[illegible]2/2013 11:08:07 AM
CATHY M. GARRETT

# EXHIBIT 2

Bernard J. Youngblood
Wayne County Register of Deeds
April 04, 2007 10:12 AM
Liber 46138 Page 28-46
#207122427 MTG FEE: $69.00

[Space Above This Line For Recording Data]

# MORTGAGE

0612539-11

**MIN:** 100425240013679722

DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

**(A) "Security Instrument"** means this document, which is dated March 30, 2007, together with all Riders to this document.

**(B) "Borrower"** is NATHANIEL HALL, A MARRIED MAN

Borrower's address is 147 SAND BAR LN , DETROIT, MI 48214

Borrower is the mortgagor under this Security Instrument.

**(C) "MERS"** is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. **MERS is the mortgagee under this Security Instrument.** MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

**(D) "Lender"** is FIRST FRANKLIN FINANCIAL CORP., AN OP. SUB. OF MLB&T CO., FSB. Lender is a Corporation organized and existing under the laws of Delaware. Lender's address is 2150 NORTH FIRST STREET, SAN JOSE, California 95131

LAMONT TITLE CORPORATION

**(E) "Note"** means the promissory note signed by Borrower and dated March 30, 2007. The Note states that Borrower owes Lender Seven Hundred Fifty Thousand and no/100 Dollars (U.S. $750,000.00) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than April 01, 2037.

**(F) "Property"** means the property that is described below under the heading "Transfer of Rights in the Property."

**(G) "Loan"** means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.





19p (S) 69

13-015477-CH
FILED IN MY OFFICE
WAYNE COUNTY CLERK
1[illegible]/2/2013 11:08:07 AM
CATHY M. GARRETT

# EXHIBIT 3

2010 JAN 19 AM 8:53

Bernard J. Youngblood
Wayne County Register of Deeds
January 19, 2010 08:53 AM
Liber 48305 Page 1100-1101
#2010013174 ASG FEE: $18.00

# ASSIGNMENT OF MORTGAGE

Assignment-Interv.-Recorded

303996F01

**MICHIGAN**
COUNTY OF *WAYNE*
LOAN.NO

POOL.NO
PIN.NO *WARD 21 ITEM NUMBERS 000060; 045241-6; 045241-6; 045240, 04545*

PREPARED BY AND
WHEN RECORDED MAIL TO:
*TROTT & TROTT, P.C.*
*31440 NORTHWESTERN HWY, # 200*
*FARMINGTON HILLS, MI 48334*
*PH: (248) 642-2515*
*ATT: DAVID TROTT*

FOR VALUE RECEIVED, *MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (MERS) AS NOMINEE FOR FIRST FRANKLIN FINANCIAL CORP., AN OP. SUB. OF MLB&T CO., FSB,*

located at *2150 NORTH 1ST STREET, SAN JOSE CA 95131*
hereby sells, assigns, transfers and sets over upon it to: *U. S. Bank, National Association, as successor trustee to Bank of America, N. A. as successor by merger to LaSalle Bank N. A., as Trustee for Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-3*

located at *150 ALLEGHENY CENTER PITTSBURGH, PA 15212*
the Real Estate Mortgage executed by: *NATHANIEL HALL, A MARRIED MAN*

dated the *30th* day of *MARCH 2007*, recorded liber *46138* page *25* Doc # ~~*207122427*~~ in the office of the Register of Deeds *WAYNE* County, State of Michigan.

*LAND IN THE CITY OF DETROIT, COUNTY OF WAYNE, STATE OF MICHIGAN BEING MORE PARTICULARLY DESCRIBED AS: UNIT 11, MORGAN WATERFRONT HOMES, A CONDOMINIUM ACCORDING TO THE MASTER DEED RECORDED IN LIBER 44997, PAGES 88 THROUGH 149, BOTH INCLUSIVE, WAYNE COUNTY RECORDS, BEING WAYNE COUNTY SUBDIVISION PLAN NO. 920, TOGETHER WITH RIGHTS IN THE GENERAL COMMON ELEMENTS AND LIMITED COMMON ELEMENTS, AS SET FORTH IN SAID MASTER DEED, AND SUBSEQUENT AMENDMENTS, AND AS DESCRIBED IN ACT 59 OF THE PUBLIC ACTS OF 1978, AS AMENDED.*

Loan No.

L 48305 - P 1101

Loan No.
Together with the note and all other obligations secured by said mortgage.
*MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (MERS) AS NOMINEE FOR FIRST FRANKLIN FINANCIAL CORP., AN OP. SUB. OF MLB&T CO., FSB,*

covenants that there is now owing upon said mortgage and note secured there-by and that it has not extended the time for the performance of, or otherwise modified any of the covenants, provisions and terms contained in said mortgage or the note secured thereof, and that it has not encumbered said mortgage in any manner by prior assignment or otherwise.
IN WITNESS WHEREOF, *MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (MERS) AS NOMINEE FOR FIRST FRANKLIN FINANCIAL CORP., AN OP. SUB. OF MLB&T CO., FSB,*

executes this instrument this *11th* day of *JANUARY 2010*, but effective *JANUARY 11, 2010*.

*MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (MERS) AS NOMINEE FOR FIRST FRANKLIN FINANCIAL CORP., AN OP. SUB. OF MLB&T CO., FSB*

BY [signature]
*NATALIE SIMMONS*
*ASST SECRETARY FOR ASSIGNMENTS*

[signature]
WITNESS *HOPE REGER*

[signature]
WITNESS *SHAYLA ESTRADA*

BY ______

STATE OF *IDAHO* )
)
COUNTY OF *BONNEVILLE* )

On *JANUARY 11, 2010*, before me, *VICKIE SORG* personally appeared *NATALIE SIMMONS* and personally known to me (or proved to me on the basis of satisfactory evidence to be the person(s) who executed the within instrument as *ASST SECRETARY FOR ASSIGNMENTS* of *MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.](MERS) AS NOMINEE FOR FIRST FRANKLIN FINANCIAL]CORP., AN OP. SUB. OF MLB&T CO., FSB*

and ______ of *MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.](MERS) AS NOMINEE FOR FIRST FRANKLIN FINANCIAL]CORP., AN OP. SUB. OF MLB&T CO., FSB*

and acknowledged to me that the Corporation executed it.

[signature]
*VICKIE SORG (COMMISSION EXP. 08-18-11)*
NOTARY PUBLIC

VICKIE SORG
NOTARY PUBLIC
STATE OF IDAHO

*P=S.002.00063.511*
*C=s.236.0510*
*J=HL8110108AI.s.42118*

*PREPARED BY:*
[signature]
*KARLEEN MAUGHAN*
*595 UNIVERSITY BLVD.*
*IDAHO FALLS, ID 83401*

13-015477-CH

FILED IN MY OFFICE
WAYNE COUNTY CLERK
1[illegible]2/2013 11:08:07 AM
CATHY M. GARRETT

# EXHIBIT 4

2011 SEP -9 PM 2:54

Bernard J. Youngblood
Wayne County Register of Deeds
September 09, 2011 02:54 PM
Liber 49357 Page 283-290
#2011323638 SHD FEE: $35.00

FILE DO NOT MAIL

03996F02 Hall - FC X

## SHERIFF'S DEED ON MORTGAGE SALE

This Indenture Made this 31st day of August, A.D. 2011, between, Felicia Mack, a Deputy Sheriff in and for Wayne County, Michigan, whose address is 1231 Saint Antoine St Detroit, Michigan 48226-2300, party of the first part, and U.S. Bank, National Association, as successor trustee to Bank of America, N. A. as successor by merger to LaSalle Bank N. A., as Trustee for Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-3, whose address is 2375 N Glenville Dr, Richardson, TX 75082-4315, party of the second part (hereinafter called the grantee).

WITNESSETH, That Whereas a certain mortgage made by Nathaniel Hall, a married man, original mortgagor(s), to Mortgage Electronic Registration Systems, Inc., as nominee for lender and lender's successors and/or assigns, Mortgagee, dated March 30, 2007, and recorded on April 4, 2007 in Liber 46138 on Page 28, and assigned by said Mortgagee to U.S. Bank, National Association, as successor trustee to Bank of America, N. A. as successor by merger to LaSalle Bank N. A., as Trustee for Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-3 as assignee as documented by an assignment dated January 11, 2010 recorded on January 19, 2010 in Liber 48305 on Page 1100, in Wayne county records, Michigan and

WHEREAS, said mortgage contained a power of sale which has become operative by reason of a default in the condition of said mortgage, and

WHEREAS, no suit or proceedings at law or in equity have been instituted to recover the debt secured by said mortgage or any part thereof, and

WHEREAS, by virtue of said power of sale, and pursuant to the statute of the State of Michigan in such case made and provided, a notice was duly published and a copy thereof was duly posted in a conspicuous place upon the premises described in said mortgage, that the said premises, or some part of them, would be sold at 1:00 PM on the 12th day of May, A.D. 2010 (sale adjourned from May 12, 2010 to August 31, 2011), at public vendue, that being the place of holding the Circuit Court for Wayne County where the premises are situated and

WHEREAS, pursuant to said notice I did, at on the day last aforesaid, expose for sale at public vendue the said lands and tenements hereinafter described, and on such sale did strike off and sell the said lands and tenements to the grantee for the sum of Nine Hundred One Thousand One Hundred Forty-Nine and 31/100 Dollars ($901,149.31), that being the highest bid therefore and the grantee being the highest bidder, and

WHEREAS, said lands and tenements are situated in the City of Detroit, Wayne County, Michigan, more particularly described in exhibit A, attached and commonly known as:
147 Sand Bar Ln
Property Tax Parcel ID Ward 21 Item 000060.011 Ward 27 Item 002007.0461
This property may be located within the vicinity of farmland or a farm operation. Generally, accepted agricultural and management practices, which may generate noise, dust, odors, and other associated conditions, may be used and are protected by the Michigan right to farm act.

Now, this Indenture Witnesseth, That I, the Deputy Sheriff aforesaid, by virtue of and pursuant to the statute in such case made and provided, and in consideration of the sum of money so paid as aforesaid, have granted, conveyed, bargained and sold, and by this deed do grant, convey, bargain and sell unto the grantee, its successors and assigns, forever, all the estate, right, title and interest, which the said Mortgagor(s) had in said land and tenements and every part thereof, on the 30th day of March A.D. 2007, that being the date of said mortgage, or at any time thereafter, to have and to hold the said lands and tenements and every part thereof to the said grantee, its successors and assigns forever, to their sole and only use, benefit and behoof forever, as fully and absolutely as I, the Deputy Sheriff aforesaid, under the authority aforesaid, might, could or ought to sell the same.

IN WITNESS WHEREOF, I have hereunto set my hand and seal, the date and year first above written.

[signature] Felicia Mack
Deputy Sheriff in and for the County of Wayne

STATE OF MICHIGAN
COUNTY OF WAYNE

On this 31st day of August, A.D. 2011, before me, a Notary Public in and for said County of Wayne came Felicia Mack, a Deputy Sheriff of said County, known to me to be the individual described in and who executed the above conveyance, and who acknowledged that he executed the same to be his free act and deed as such Deputy Sheriff.

REGENIA LYNN STOKES
NOTARY PUBLIC, STATE OF MICHIGAN
COUNTY OF WAYNE
MY COMMISSION EXPIRES 01/15/2015

[signature]
Notary Public, Wayne County, Michigan
My commission expires:
Acting in the county of Wayne

THIS INSTRUMENT IS EXEMPT FROM MICHIGAN TRANSFER TAX UNDER MCL 207.526(v).

STATE OF MICHIGAN
Wayne County
September 09, 2011 02:54:00 PM
Receipt # 315340

REAL ESTATE TRANSFER TAX
$951.65 - CO
$0.00 - ST
Stamp # 233216

303996F02 Hall - FC X

**Exhibit A - Property Description**

Unit 11, MORGAN WATERFRONT HOMES, a condominium according to the Master Deed recorded in Liber 44997, Pages 88 through 149 both inclusive, Wayne County Records, being Wayne County Subdivision Plan No. 920 together with rights in the general common elements and limited common elements, as set forth in said Master Deed, and subsequent amendments, and as described in Act 59 of the Public Acts of 1978, as amended