UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATHANIEL HALL,

    Plaintiff,

v.

U.S. BANK, N.A., as successor trustee to Bank of
America, N.A., as successor by merger to LaSalle
Bank, N.A., as trustee for Merrill Lynch First
Franklin Mortgage Loan Trust, Mortgage Loan
Asset-Backed Certificates, Series 2007-3,

    Defendant.
_____/

Case No. 13-15276
Hon. Lawrence P. Zatkoff
Magistrate Mona K. Majzoub

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on September 16, 2014

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

### I. INTRODUCTION

This matter is before the Court on Defendant U.S. Bank, N.A.'s Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) [Dkt. 5]. The motion has been fully briefed. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted, without oral argument. For the following reasons, Defendant's motion is GRANTED.

### II. BACKGROUND

This matter involves real property located at 147 Sandbar Lane, Detroit, Michigan 48214 (the "Property"). On March 30, 2007, Nathaniel Hall ("Plaintiff") received a loan in the amount

of $750,000.00 (the "Loan") from non-party First Franklin Financial Corp ("Lender"). To secure repayment of the Loan, Plaintiff granted a mortgage (the "Mortgage") on the Property to Mortgage Electronic Registration Systems, Inc. ("MERS"), solely as nominee for Lender and Lender's successors and assigns. MERS, its successors, and assigns of MERS are named as the mortgagee pursuant to the Mortgage, which was recorded on April 7, 2007. On January 11, 2010, MERS assigned the Mortgage to U.S. Bank, N.A., as successor trustee to Bank of America, N.A., as successor by merger to LaSalle Bank, N.A., as trustee for Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-3, ("Defendant"). That assignment was recorded on January 19, 2010.

Plaintiff defaulted on his obligations under the Loan. As a result, Defendant commenced foreclosure by advertisement proceedings. On March 15, 2010, Defendant served Plaintiff in accordance with MCL § 600.3205a(1) with written notice of the default and Defendant's intent to foreclose. *See* Dkt. # 5, Ex. 3, p. 8. Plaintiff did not request a meeting under MCL § 600.3205b. *Id*. As a result, Defendant proceeded with foreclosure by advertisement. Notice of the foreclosure sale was published for four consecutive weeks, and posted on the door of the Property on April 16, 2011. *Id.* at 4-5. On August 31, 2011, Defendant purchased the Property at a Sheriff's Sale with a winning bid of $901,149.31. A Sheriff's Deed was issued the same day. The six-month redemption period expired on February 29, 2012. Plaintiff did not redeem the Property.

Although Plaintiff initially filed suit against Defendant in Wayne County Circuit Court, that action was dismissed without prejudice upon the stipulation of all parties on July 17, 2012 ("Stipulated Dismissal"). On December 2, 2013, Plaintiff initiated the instant litigation against Defendant in Wayne County Circuit Court. In his eight-count "Complaint for Quiet Title,"

Plaintiff brings an action to quiet title (Count I), alleges Defendant illegally foreclosed by advertisement (Count II), argues Defendant lacked the legal authority, capacity or privity "to maintain" the Property (Count III), asserts Defendant breached MCL § 600.3205 (Count IV), alleges Defendant breached an implied agreement to consider Plaintiff for a loan modification (Count V), contends Defendant innocently and/or negligently made the false representation that Defendant would consider Plaintiff for a loan modification (Count VI), requests the Court to enforce the aforementioned alleged implied agreement on the basis of promissory estoppel (Count VII), and argues Plaintiff is entitled to have the foreclosure by advertisement converted to a judicial foreclosure under MCL § 600.3205c(8) (Count VIII). Defendant timely removed the matter to this Court under diversity jurisdiction on December 30, 2013, and now moves to dismiss Plaintiff's Complaint in its entirety pursuant to Fed. Rule Civ. P. 12(b)(6).

## III. LEGAL STANDARD

### A. RULE 12(b)(6)

A motion brought pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted tests the legal sufficiency of a plaintiff's claims. The Court must accept as true all factual allegations in the pleadings, and any ambiguities must be resolved in the plaintiff's favor. *See Jackson v. Richards Med. Co.*, 961 F.2d 575, 577–78 (6th Cir. 1992). While this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. *See Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n.*, 176 F.3d 315, 319 (6th Cir. 1999). A plaintiff must make "a showing, rather than a blanket assertion of entitlement to relief" and "[f]actual allegations must be enough to raise a right to relief above the speculative level" so that the claim is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference the defendant is liable for the alleged misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 696-97 (2009).

In deciding a motion to dismiss pursuant to Rule 12(b)(6), this Court may consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the [Court] may take judicial notice." 2 James Wm. Moore *et al.*, Moore's Federal Practice ¶ 12.34[2] (3d ed. 2000). Furthermore, a district court "may consider matters of public record in deciding a motion to dismiss without converting the motion to one for summary judgment." *Commercial Money Center, Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007). In the instant matter, the exhibits considered from outside the pleadings are public records, and therefore the Court will consider Defendant's Motion to Dismiss without converting it to a motion for summary judgment under Rule 56.

## IV. ANALYSIS

### A. Plaintiff Failed to State a Viable Claim in Counts I-IV and VIII

#### *1. The Redemption Period Expired on February 29, 2012*

Plaintiff alleges that Defendant failed to comply with MCL §§ 600.3204 and 600.3205 with respect to foreclosing on the Property. Under Michigan law, Plaintiff had six months after the sale (*i.e.*, until February 29, 2012) to challenge the foreclosure. *See* MCL § 600.3240(8). Plaintiff concedes he did not challenge the foreclosure before the expiration of the redemption period. *See* Dkt. # 8, p. 13.

In Michigan, the clearly established applicable law is that a person such as Plaintiff generally has no right to challenge a foreclosure sale after the expiration of the redemption period. *See, e.g., Piotrowski v. State Land Office Bd.*, 302 Mich. 179, 187-88 (1942); *Overton v. Mortg. Elec. Registration Sys.*, 2009 WL 1507342, at *1 (Mich. App. May 28, 2009); *Spartan*

4

*Distributors, Inc. v. Golf Coast Int'l, L.L.C.*, 2011 WL 1879722, at *3 (Mich. App. May 17, 2011). There are various exceptions to this rule, but as discussed below, Plaintiff only asserts the exception based on alleged fraud or irregularity in the foreclosure sale process.

### 2. *No Fraud or Irregularities in the Foreclosure Sale Process*

Under Michigan law, a plaintiff may challenge a foreclosure sale after the expiration of the redemption period by alleging fraud or irregularity in the foreclosure sale process. *See, e.g., Paige v. Kress*, 80 Mich. 85, 89 (1890); *Overton*, 2009 WL 1507342, at *1; *Stein v. U.S. Bancorp*, 2011 WL 740537 at *6 (E.D. Mich. Feb. 24, 2011) ("A court has no authority to set aside a properly conducted foreclosure in the absence of a clear showing of fraud, accident, or mistake in the foreclosure proceedings.").

**a. Plaintiff Failed to State a Viable Claim Under MCL § 600.3205c**

In Counts I and IV of his Complaint, Plaintiff alleges that Defendant engaged in fraud or irregularities with respect to the foreclosure sale process on the Property because:

1. Defendant failed to send or Plaintiff never received a 14-day letter from Defendant, as required by Michigan law;

2. Defendant failed to complete the loan modification process and denied Plaintiff a loan modification; and

3. Defendant failed to send Plaintiff a denial letter with the calculations.

In other words, Plaintiff contends that Defendant engaged in fraud or irregularities in conjunction with the foreclosure sale process because Plaintiff believes Defendant did not comply with Michigan foreclosure laws. The Court concludes otherwise.

First, Plaintiff alleges Defendant did not send him a 14-day letter, and that he did not receive a 14-day letter from Defendant. The Court finds these claims meritless. Plaintiff does not offer *any* evidence that Defendant failed to send him a 14-day letter. As Exhibit 3 to Defendant's motion demonstrates, Defendant sent Plaintiff a 14-day letter, dated March 15,

2010.  *See* Dkt. # 5, Ex. 3, p. 8.  As for the second aspect of Plaintiff's claim, Defendant was only required to *send* a 14-day letter; there is no statutory requirement that Plaintiff *receive* the letter.  *See* MCL § 600.3205a(1).

Plaintiff next alleges Defendant failed to complete the loan modification process and denied Plaintiff a loan modification, and also that Defendant failed to send Plaintiff a denial letter with calculations.  In order to obtain a loan modification for the purpose of avoiding foreclosure, Plaintiff was required to request a meeting either with Defendant's designated agent or with one of the approved housing counselors on the Michigan State Housing Development Authority list sent to Plaintiff with the written notice provided by Defendant under MCL § 600.3205a(1).

Plaintiff neither alleges nor offers *any* evidence that he contacted Defendant's designated agent or one of the approved housing counselors as required under the statute.  Conversely, Defendant provided an affidavit claiming no such request was made.  *See* Dkt. # 5, Ex. 3, p. 8.  As the undisputed evidence shows that Plaintiff failed to request a meeting as required by the statute, Defendant was under no obligation to follow the modification requirements under MCL §§ 600.3205a – 600.3205c—including any requirement that Defendant send Plaintiff a denial letter with calculations.  *See, e.g., Talton v. BAC Home Loans Servicing, L.P.*, 839 F.Supp.2d 896, 909 (E.D. Mich., 2012); *Tawfik v. BAC Home Loans Servicing, L.P.*, 2011 WL 6181441, at *4 (E.D. Mich., Dec. 13, 2011); *Galati v. Wells Fargo Bank*, 2011 WL 5178276, at *5 (E.D. Mich., Nov. 1, 2011); *Carl v. BAC Home Loans Servicing, L.P.*, 2011 WL 3203086, at *3 (E.D. Mich., July 27, 2011).  As these cases make clear, a plaintiff cannot seek to challenge a foreclosure based on a defendant's alleged failure to comply with MCL §§ 600.3205a -

600.3205c if the plaintiff does not first complete the modification requirements applicable to the plaintiff under those sections.

For the reasons set forth above, the Court concludes: (a) Plaintiff failed to demonstrate that he satisfied the statutory preconditions for consideration for a loan modification, and, as a result, (b) Plaintiff cannot, as a matter of law, prove the allegations in Counts I and IV of his Complaint.

**b. Plaintiff Lacks Standing to Challenge the Validity of the Mortgage Assignment**

In Counts II and III of his Complaint, Plaintiff challenges Defendant's authority to foreclose on the Property based on an allegedly invalid assignment of the Mortgage. Plaintiff appears to argue that (1) Defendant lacks the capacity to foreclose under MCL § 600.3204 because the Mortgage on the Property was assigned to a trust after the trust's closing date, and (2) Defendant's lack of capacity to foreclose equates to an irregularity that requires the setting aside of the foreclosure and Sheriff's Sale. The Court finds Plaintiff's claims lack merit.

"While a plaintiff in a foreclosure case can challenge the existence of a record chain of title, the record chain of title is distinct from the validity of each underlying agreement in the chain of title." *Smith v. Litton Loan Servicing, LP*, 517 Fed. Appx. 395, 397-98 (6th Cir. 2013) (citing *Livonia Properties Holdings, LLC v. 12840–12976 Farmington Road Holdings, LLC,* 399 Fed. Appx. 97, 102–03 (6th Cir. 2010)). Although the Sixth Circuit has articulated exceptions to the general rule stated above, Plaintiff does not allege any of those exceptions apply in this case. Therefore, although Plaintiff had standing to challenge the existence of record chain of title under MCL § 600.3204(3), he lacks standing to challenge the validity of the assignment at issue because he was not a party to that assignment. *See Livonia Properties Holdings, L.L.C.*, 399 Fed. Appx. at 102-03. As required by the statute, record chain of title existed from the original

mortgagee to the foreclosing party prior to the instant Sheriff's Sale. Moreover, even if the Court were to assume record chain of title did not exist, Plaintiff failed to allege the manner in which he was prejudiced by the alleged irregularity as required under *Kim v. JPMorgan Chase Bank, N.A.*, 493 Mich. 98, 115-16 (2012).[1]

For the reasons set forth above, the Court concludes: (a) Plaintiff lacks standing to challenge the assignment of the mortgage, and (b) Counts II and III of Plaintiff's Complaint fail as a matter of law and must be dismissed.

### c. The Statutory Remedy of Judicial Foreclosure is Unavailable to Plaintiff

In Count VIII of his Complaint, Plaintiff argues that because a loan modification was not reached as a result of Defendant having allegedly violated MCL §§ 600.3205a – 600.3205c, he is entitled to have the foreclosure by advertisement converted to a judicial foreclosure. Even if Plaintiff demonstrated that Defendant failed to comply with MCL §§ 600.3205a – 600.3205c—a burden he has not satisfied—his sole relief under Michigan law for a purported violation of the loan modification statutes is to seek to convert the foreclosure by advertisement to a judicial foreclosure *prior to the completion of the foreclosure sale*. *See* MCL § 600.3205c(8). *See also Smith v. Bank of America Corp.*, 485 Fed. Appx. 749, 756 (6th Cir. 2012) ("Moreover, the [borrowers] appear to have missed the boat regarding the applicability of [MCL § 600.3205(c)] which, when triggered, allows plaintiffs to enjoin a foreclosure by advertisement and convert it to a judicial foreclosure: [the borrowers] brought this action after the foreclosure sale occurred,

---

[1] Plaintiff relies on *Roller v. FNMA, BAC Home Loans Servicing, L.P.*, 2012 WL 5828625 (E.D Mich. Feb. 14, 2012), for the proposition that further discovery is necessary to determine whether Plaintiff was prejudiced by the alleged defects in the foreclosure process. Plaintiff's reliance on *Roller*—an unpublished decision from June 2012—is misplaced. The Sixth Circuit subsequently held in a published decision that borrowers must allege they were prejudiced as a result of defects in the foreclosure process and that they "would have been in a better position to preserve their interest in the property absent defendant's noncompliance with the statute." *See Conlin v. Mortg. Elec. Registration Sys., Inc.*, 714 F.3d 355, 361 (6th Cir. 2013) (citing *Kim*, 493 Mich. at 116).

and so there is no foreclosure to enjoin or convert."). Because Plaintiff failed to pursue his sole statutory remedy prior to the August 31, 2011 foreclosure sale, the Court concludes this claim fails as a matter of law.

### 3. *Conclusion*

For the reasons set forth above, the Court concludes: (a) Plaintiff lacks standing to challenge the foreclosure of the Property, and (b) Plaintiff cannot, as a matter of law, prove Defendant engaged in fraud or irregularities with respect to the foreclosure sale process involving the Property. As a result, Counts I-IV and VIII of Plaintiff's Complaint must be dismissed.

### B. The Claims Asserted in Counts V-VII are Barred by the Statute of Frauds

Plaintiff claims Defendant agreed to consider Plaintiff for a loan modification in 2012 when the parties stipulated to the dismissal of the previous Wayne County Circuit Court case. In his Complaint, Plaintiff alleges Defendant breached this implied agreement to consider Plaintiff for a loan modification (Count V), contends Defendant innocently and/or negligently made the false representation that it would consider Plaintiff for a loan modification (Count VI), and requests the Court to enforce this alleged implied agreement on the basis of promissory estoppel (Count VII). Defendant counters that Plaintiff neither alleges nor provides a written agreement to modify the Loan in connection with the 2012 Wayne County Circuit Court case, and thus any agreement to modify the Loan—which Defendant denies exists—is barred by the statute of frauds. The Court agrees with Defendant.

MCL § 566.132(2), the section of the statute of frauds governing contracts with financial institutions, provides in part:

> An action shall not be brought against a financial institution to enforce any of the following promises or commitments of the financial institution unless the promise

9

> or commitment is in writing and signed with an authorized signature by the financial institution:
>
> > (a) A promise or commitment to lend money, grant or extend credit, or make any other financial accommodation.
> >
> > (b) A promise or commitment to renew, extend, modify, or permit a delay in repayment or performance of a loan, extension of credit, or other financial accommodation.
> >
> > (c) A promise or commitment to waive a provision of a loan, extension of credit, or other financial accommodation.

Plaintiff provides zero evidence of any written agreement for a loan modification.[2] Plaintiff's failure to produce a written agreement to modify the Loan is fatal to the contractual claims in Counts V-VII of his Complaint; any alleged oral agreement to modify the Loan is not enforceable as a matter of law. *See Crown Tech. Park v. D & N Bank, FSB*, 242 Mich.App. 538, 549-51 (2000) (ZAHRA, J.) (holding that MCL § 566.132(2) bars promissory estoppel claims against a financial institution based on an alleged oral agreement on the grounds that "the Legislature used the broadest possible language . . . to protect financial institutions by not specifying the types of 'actions' it prohibits, eliminating the possibility of creative pleadings to avoid the ban," and also that the statute precludes any claim "no matter its label" that is "at its core, an action to enforce an oral promise."); *see also Wargelin v. Bank of America, N.A.*, 2013 WL 5587817, at *7-8 (E.D. Mich. Oct. 10, 2013) (rejecting a claim identical to Plaintiff's innocent/negligent misrepresentation claim as barred by the statute of frauds).

The innocent/negligent misrepresentation claim in Count VI of Plaintiff's Complaint fails for additional reasons. Innocent misrepresentation and negligent misrepresentation are two separate claims, with distinct elements, and therefore cannot be conflated into a single claim.

---

[2] Plaintiff merely cites to the Stipulated Dismissal relating to the 2012 Wayne County Circuit Court case as evidence of Defendant's alleged promise to consider Plaintiff for a loan modification. The Stipulated Dismissal, however, is nothing more than a boilerplate order dismissing the case without prejudice and without costs, and makes no mention of a loan modification or any further obligation of either party relating to the Loan or the Property.

*See Wargelin*, 2013 WL 5587817 at *7. Moreover, Plaintiff failed to set forth the facts relating to the misrepresentation claims with the particularity required by Fed. R. Civ. P. 9(b). Just as in *Wargelin*,

> it is unclear what facts pertain to which [misrepresentation] claim. Further, Plaintiff's allegations fail to set forth who made the 'misrepresentations,' when they were made, or really any detail that could enlighten the Court as to their significance. These bare facts fail to set forth a claim that is plausible on its face, let alone state a claim that can satisfy the heightened standard demanded by Rule 9(b).

*Id*. at *8. As a result, the Court finds the misrepresentation claims in Count VI of Plaintiff's Complaint are without merit.

For the reasons set forth above, the Court concludes: (a) Plaintiff's claims relating to promises and misrepresentations not evinced in a written document signed by an authorized representative of Defendant are not enforceable under the statute of frauds, and therefore (b) Counts V-VII of Plaintiff's Complaint must be dismissed.

## V. CONCLUSION

Accordingly, and for the reasons set forth above, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss [Dkt. 5] is GRANTED.

IT IS FURTHER ORDERED that Plaintiffs' cause of action is DISMISSED WITH PREJUDICE. Judgment shall be entered accordingly.

IT IS SO ORDERED.

                                         S/Lawrence P. Zatkoff
                                         HON. LAWRENCE P. ZATKOFF
DATED: September 16, 2014      UNITED STATES DISTRICT JUDGE